UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Albert J. Randolph, | ) | |
|       Petitioner, | ) | |
| | ) | No. 21 CV 50158 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Thomas Bergami,[1] | ) | |
|       Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Albert J. Randolph seeks the expungement from his disciplinary file any record of good conduct time he lost because of a disciplinary proceeding. For the following reasons, his petition [1] is denied.

## BACKGROUND

Mr. Randolph filed this petition under 28 U.S.C. § 2241 while at USP Thomson within the Northern District of Illinois.[2] He challenges his loss of 27 days' good conduct time, the sanction a disciplinary hearing officer imposed for an incident on October 23, 2018, at USP Beaumont during which Mr. Randolph mutilated himself. The basis for Mr. Randolph's challenge is that he never received a written copy of the incident report or the disciplinary hearing officer's decision, which left him unable to pursue administrative appeals of that decision. On screening, the Court allowed Mr. Randolph to challenge the disciplinary proceeding that resulted in the revocation of good conduct time, but did not allow him to challenge numerous other disciplinary proceedings that did not result in the revocation of good conduct time. *See* Dkt. 8.

## ANALYSIS

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time, and can challenge the loss of good conduct time by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, a prisoner has received due process if each of the following requirements are met: the prisoner (1) receives

---

[1] The warden of USP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). Mr. Randolph has since been transferred to USP Allenwood, *see* https://www.bop.gov/inmateloc/ (last visited July 1, 2022), but "a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) has an opportunity to be heard before an impartial decision maker; (3) is able to call witnesses and present evidence that will not be unduly hazardous to safety or correctional goals; (4) receives a written statement of the evidence relied on and the reason for the decision; and (5) receives disclosures of any exculpatory evidence. *Id.* at 564-66.

A federal prisoner must exhaust his federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). Proper exhaustion requires compliance with the Bureau of Prisons' Administrative Remedy Program, which is set out at 28 C.F.R. §§ 542.10-542.19. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Under the program, a prisoner must first attempt to resolve an issue informally. *See* 28 C.F.R. § 542.13. Within 20 days of the date on which the basis of the request occurred, the prisoner may initiate administrative review by filing a written Administrative Remedy Request using form BP-9. *Id.* § 542.14. The warden must respond within 20 days. *Id.* § 542.18. If the prisoner is not satisfied with the response, within 20 days he may submit an Appeal to the Regional Director using form BP-10, which must be "accompanied by one complete copy or duplicate original of the institution Request and response." *Id.* § 542.15(a), (b). The Regional Director has 30 days to respond. *Id.* § 542.18. If the prisoner is still not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. using form BP-11, which must be "accompanied by one complete copy or duplicate original of the institution and regional filings and their responses." *Id.* § 542.15(a), (b). The General Counsel must respond within 40 days. *Id.* § 542.18. If the prisoner does not receive a timely response to his informal request, grievance, or appeals, he "may consider the absence of a response to be a denial at that level." *Id.*

Although Mr. Randolph contends that he was unable to pursue an administrative remedy because he never received the incident report or disciplinary hearing officers' written decision, he never contends that he informally asked for those written materials, or ever initiated an administrative proceeding to obtain them. In addition, according to the government's response brief and a supporting affidavit, the administrative remedy clerk at Thomson reviewed all of the administrative remedy requests that Mr. Randolph has filed, and none sought a copy of the disciplinary hearing officer report. Response [10] at 2 (citing Exhibit A, the affidavit of Bree Reicks). Mr. Randolph was given a chance to file a reply brief, but never did and therefore never challenged the administrative remedy clerk's assertion that he never requested the disciplinary hearing officer's report. As a result, he has not administratively exhausted the due process violation he alleges in this petition, which is that he never received the incident report or a written statement of the evidence relied on and the reason for the disciplinary hearing officer's decision as required under *Wolff*. That is exactly the type of issue the Bureau could have resolved on its own, and the very reason that exhaustion is required. *See Rice v. Sproul*, No. 20 CV 386, 2020 U.S. Dist. LEXIS 80155, at *3 (S.D. Ill. May 6, 2020) ("the entire point of exhaustion requirements is to allow agencies the opportunity to evaluate and remedy errors internally."). The exhaustion requirement is not jurisdictional and so is waived if not raised by

the respondent, *see Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987), but here, the government has raised the defense, *see* Response [10] at 5-6.

Even if Mr. Randolph was excused from administratively exhausting before filing suit, the Court must still deny his petition because it cannot grant him relief. Under 18 U.S.C. § 3624(b)(1), prisoners who are imprisoned for life cannot be awarded good conduct time:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

*See also Lewis v. Howard*, No. 21 CV 43, 2022 U.S. Dist. LEXIS 51440, at *2-3 (D. Ariz. Feb. 7, 2022) ("A prisoner serving a sentence of life imprisonment does not have a release date and cannot accrue Good Conduct Time. . . . Therefore, Lewis does not accrue Good Conduct Time and cannot, and did not, lose Good Conduct Time, the DHO Report's contrary implication not withstanding.") (Report and Recommendation adopted by 2022 U.S. Dist. LEXIS 49833 (D. Ariz. Mar. 17, 2022)); *Milton v. Lara*, No. 1:15 CV 140, 2017 U.S. Dist. LEXIS 98677, at *4 (E.D. Tex. June 26, 2017) ("Despite the DHO's rehearing report listing the disallowance of good conduct time as a sanction, petitioner's life sentence, however, prevents him from earning any good conduct time."). As a prisoner serving a life sentence, Mr. Randolph is not entitled to good conduct time, and therefore the Court cannot order that he be credited with good conduct time. Mr. Randolph's petition also asks that the record of his loss of good conduct time be expunged from his disciplinary history. But given that he is serving a life sentence, expungement would not affect the fact or duration of his confinement, and therefore is not relief available through a petition for habeas relief. *See Saunders v. Gutierrez*, No. 11 CV 6371, 2011 U.S. Dist. LEXIS 136776, at *6 (C.D. Calif. Oct. 17, 2011) ("even if the disciplinary findings were expunged, Petitioner's [life] term of imprisonment would remain unchanged. Petitioner's claims clearly do not implicate the fact or duration of his confinement.") (Report and Recommendation accepted by 2011 U.S. Dist. LEXIS 136774 (C.D. Calif. Nov. 25, 2011).

## CONCLUSION

Mr. Randolph's petition [1] is denied for failure to exhaust, and alternatively because the Court is unable to award the relief he seeks.

Date: July 1, 2022    By: _____
Iain D. Johnston
United States District Judge